UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SOLVAY SOLEXIS, INC. | : | |
| | : | |
| Plaintiff | : | Civil Action No. 04-6162(FSH) |
| | : | |
| v. | : | |
| | : | |
| 3M COMPANY, 3M INNOVATIVE PROPERTIES | : | ORDER ON INFORMAL APPLICATION |
| | : | |
| Defendants | : | |

This matter having come before the Court by way of letters dated July 11, 2005 and July 18, 2005, regarding the parties' dispute concerning Solvey's interference counsel's access to discovery disclosed in this case;

and the Court having considered the submissions;

and it appearing the same law firm represents Solvey in this case and in the interference proceeding;

and the Court noting that the defendants have presented no legal authority that requires separate counsel to pursue an interference proceeding;

and it appearing that the law firm's dual representation has been known since the outset of these proceedings in December, 2004;

and it appearing that the interference proceedings have been pending for 20 months, see Letter of Michael Patunas, Esq., dated July 18, 2005, at 2;

and it further appearing that concerns about counsel's dual representation should have been raised earlier;

and it appearing that the parties in this case are beginning to exchange documents, id.;

and it further appearing that barring Solvey's counsel from access to the discovery would

require the plaintiffs' to re-staff the case;

and there being nothing presented to the Court to suggest that Solvey's counsel would or could use such documents in the interference proceeding;

and it further appearing that the Court can ensure that no party gains an unfair advantage in the interference proceeding by: (1) allowing interference counsel for all parties to have access to the discovery, subject to any confidentiality order that the Court may enter; and (2) barring interference counsel from using the discovery in this case in the interference proceeding;

and it appearing that the defendants had proposed, as an alternative to its request, that its interference counsel should also have access to litigation discovery materials, see Letter of John Adkisson, Esq., dated, July 11, 2005, at 3 n.2;

and for good cause shown,

It is on this 19th day of July, 2005

ORDERED that the defendants' request to bar Solvey's interference counsel's access to the discovery materials is denied;

IT IS FURTHER ORDERED that the all interference counsel may have access to the discovery in this case;

IT IS FURTHER ORDERED that interference counsel may not use the discovery in this case in the interference proceedings or for any purpose other than this litigation;

IT IS FURTHER ORDERED that interference counsel shall be subject to the terms of any confidentiality order that may be entered in this case; and

IT IS FURTHER ORDERED that the parties shall submit a certification, pursuant to L. Civ. R. 5.3, and a consent confidentiality order.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE