UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SOLVAY SOLEXIS, INC.,** | : | Civil Action No. 04-6162 (FSH) |
| | : | |
| Plaintiff, | : | |
| | : | **ORDER ON INFORMAL** |
| v. | : | **APPLICATION** |
| **3M CO., 3M INNOVATIVE** | : | |
| **PROPERTIES CO., AND** | : | |
| **DYNEON LLC,** | : | |
| | : | |
| Defendants. | : | |

This matter having come before the Court by way of letters dated August 12, 2005, August 18, 2005, and August 19, 2005[1], regarding (1) defendants' request to compel plaintiff to produce a Rule 30(b)(6) witness before the September 7, 2005 settlement conference; (2) to require the plaintiff's Rule 30(b)(6) witness to testify about document collection and preservation efforts, which is set forth as Topic No. 1 in the deposition notice dated July 20, 2005[2]; and (3) to produce a sample of its products;

and the defendants further arguing that it is unnecessary to wait to receive and test the second sample before commencing a Rule 30(b)(6) deposition, see Letter of John Adkisson, dated August 12, 2005, at 5;

and it appearing that the plaintiff has withdrawn its objection to producing a witness at the appropriate time to testify about Topic No. 1 (concerning document collection and preservation) given the defendants' acknowledgment that it was not seeking information about communications with counsel or trial strategy, see Letter of Paul Richter, dated August 18, 2005,

---

[1] Counsel are reminded that Local Counsel is counsel of record and must sign all pleadings. Future submissions that do not bear the signature of local counsel will be disregarded.

[2] Apparently, plaintiff advised defendants that it also objected to producing a witness to testify about Topics Nos. 2 and 3 because they are vague, ambiguous, seek irrelevant information and are posed prematurely given the state of discovery. The defendants have not affirmatively sought court intervention to resolve this dispute and therefore the Court has declined to do so.

at 2;

and it therefore appearing that the work-product objection to Topic No. 1 is moot;

and it appearing that the defendants are moving to compel a witness to testify about Topic No. 1 before the settlement conference, id. at 6;

and the plaintiff advising the Court that (1) it is prepared to produce a Rule 30(b)(6) witness but objects to the timing because the defendants have refused to produce nonpublic documents until the entry of a protective order; (2) it would be more efficient to conduct the deposition after the defendants test the plaintiff's low temperature fluoroelastomoer polymer at the lower end so defendants would not need to reconvene a Rule 30(b)(6) deposition to address matters that may be learned as a result of the testing; (3) the defendants have not raised the need for an early deposition with the plaintiff before raising it with the Court[3] and there is no need to complete the deposition before the settlement conference given the fact that parties have been engaged in settlement discussions for four months without it; and (4) the Court should therefore delay the Rule 30(b)(6) deposition and require the production of all responsive non-public documents for "attorney's eyes only";

and the defendants having represented that they will produce its responsive documents by August 26, 2005 even though plaintiff has not engaged in timely discussions concerning the production of a protective order, see Letter of John Adkisson, dated August 19, 2005 at 1;

and it appearing that the parties have disputes concerning the contents of a confidentiality order[4];

---

[3]The parties are advised that they are required to meet and confer in a good faith effort to resolve disputes before seeking court intervention. Failure to satisfy the "meet and confer" requirement is a bar to obtaining court relief for discovery disputes.

[4]The parties have not sought the Court's assistance to resolve disputes concerning such an order. It appears that this dispute is delaying the proceedings and so the Court sets forth herein a

and the Court having already directed the parties to produce a certification pursuant to Local Civ. R. 5.3 and a consent confidentiality order, see Order, dated July 19, 2005;

and the Court now ordering the parties to meet and confer in good faith and produce a proposed order that embodies the contents of both agreed-upon and disputed provisions;

and the Court further ordering that the disputed provisions shall be in bold and the justification for the proposed disputed provision(s) shall appear in footnote(s);

and the Court setting a deadline for the parties to produce for "attorney's eyes only" documents that they expect to be covered by the confidentiality order;

and the Court finding that there is no reason to delay the commencement of plaintiff's Rule 30(b)(6) deposition on Topic No. 1 as it is not contingent on the defendants' testing of plaintiff's product;

and for good cause shown,

IT IS ON THIS 22nd day of August, 2005

ORDERED that the plaintiff shall produce a sample of its low temperature fluoroelastomer polymer at the lower end no later than **August 24, 2005**;

IT IS FURTHER ORDERED that, absent an agreement among counsel to forego such a deposition at this time, the plaintiff shall produce its Rule 30(b)(6) witness to testify about Topic No. 1 set forth in the notice dated July 20, 2005. Said deposition shall be completed before **September 7, 2005**[5];

---

protocol for presenting a proposed order and how to memorialize their various disputes.

[5]The Court has limited its order to Topic No. 1 because it is the only Topic specifically addressed in defendants' August 12, 2005 letter. See Letter of John Adkisson, dated August 12, 2005, at 4.  This Order is not meant to limit the obligation to produce a witness to address Topics Nos. 2 and 3 at the appropriate time.  The parties are directed to meet and confer about the scope of the areas embodied in Topics Nos. 2 and 3 before the deposition concerning those topics commences.

IT IS FURTHER ORDERED that documents that have been withheld because the parties contend that they should be disclosed under the terms of a confidentiality order shall be produced no later than **August 25, 2005** and shall be disclosed for "attorney's eyes only" until the entry of a confidentiality order;

IT IS FURTHER ORDERED that, no later than **September 7, 2005**, the parties shall submit to the Court a certification that supports the entry of a confidentiality order and a proposed confidentiality order, which identifies the disputed provisions in bold and sets forth the justification for the disputed provision(s) in footnote(s),

IT IS FURTHER ORDERED that the settlement conference set for **September 7, 2005 at 10:00 a.m.** will proceed. Trial counsel and clients with full settlement authority are required to personally appear at the conference;

IT IS FURTHER ORDERED that the parties shall meet and confer in a good faith effort to resolve discovery disputes before raising them with the Court[6]; and

IT IS FURTHER ORDERED that all terms of the Orders dated March 29, 2005 and July 19, 2005 shall remain in full force and effect.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

[6] The correspondence suggests that the parties are not actively working to resolve disputes before raising them with the Court as they are required under Local Civ. P. 37 and the Order, dated March 29, 2005, at ¶ 7.