NOT FOR PUBLICATION                                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| | : |
| SOLVAY SOLEXIS, INC., | : Hon. Faith S. Hochberg |
| | : |
| Plaintiff, | : Civil No. 04-6162 (FSH) |
| v. | : |
| | : **ORDER** |
| 3M COMPANY, et al., | : |
| | : Date: June 12, 2006 |
| Defendants. | : |
| | : |
| | : |

**HOCHBERG, District Judge:**

This matter having come before the Court upon Defendants' Motion to Dismiss pursuant to

Fed. R. Civ. P. 12(b)(1); and the Court having considered the written submissions of the parties

pursuant to Fed. R. Civ. P. 78; and for good cause shown; and

it appearing that Plaintiff's Declaratory Judgment Complaint alleges that "Solvay has a

reasonable apprehension that 3M, 3M Innovative Properties, and Dyneon will initiate a patent

infringement suit against it on the '536 and '627 patents;" Compl., ¶ 17; and

Defendants having provided Plaintiff with a Covenant Not to Sue ("the Covenant"); and

it appearing that under the Covenant, Defendants "covenant not to assert any claim of

patent infringement now or in the future for past, present, or future infringement against Solvay

Solexis, Inc. under any claim of [the '627 patent];" and (2) "not to assert any claim of patent

infringement now or in the future for past, present, or future infringement against Solvay Solexis,

Inc. under any of claims 7, 8, and/or 9 of [the '536 patent];" and

Defendants having stated in their briefs that "Solvay has full clearance to make, use, sell, offer for sale, or import into the United States any product it wishes under those patent claims, with no fear that 3M will ever sue it for infringement of the patent claims;" Def.'s Op. Brief at 1; and

it appearing that the Declaratory Judgment Act "requires an actual controversy between the parties before a federal court may exercise jurisdiction over an action for declaratory judgment;" *Medimmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1378-79 (Fed. Cir. 2005) (citations and internal quotations omitted);[1] and

it appearing that in a declaratory judgment action involving a claim for a declaration of patent invalidity or non-infringement, an actual controversy exists when there is "both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Super Sack Manufacturing Corporation v. Chase Packaging Corporation*, 57 F.3d 1054, 1058 (Fed. Cir. 1995); and

it appearing that the declaratory plaintiff bears the burden of proving that subject matter jurisdiction exists; *See Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004); and

---

[1] The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

it appearing that Defendants' unequivocal promise eliminates any reasonable apprehension Plaintiff could have about the threat of future patent infringement litigation under the '536 and the '627 patents; *See Super Sack*, 57 F.3d at 1058 (holding that a declaratory judgment defendant in a patent case can divest the court of jurisdiction by covenanting not to sue the alleged infringer for any past or current infringement); *accord Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed.Cir.1999); [2]

---

[2] Plaintiff argues that an actual controversy remains because "the covenant does not protect either Solvay's supplier (Solvay SpA) or Solvay's customers from suit." Specifically, Plaintiff maintains that Defendants' refusal to extend the Covenant to Solvay SpA creates a reasonable apprehension of infringement liability because (a) "3M is in possession of Solvay's shipping records that identify Solvay SpA as the shipper conducting [the] alleged act of infringement by importation;" (b) the original threat upon which the suit was brought "involved" Solvay SpA; and (c) 3M has "insisted that a representative from Solvay SpA attend a settlement conference for this case."

The Court finds that such a stochastic threat of suit against Solvay SpA, a non-party to this action, is insufficient to support declaratory judgment jurisdiction. *See In re Columbia Univ. Patent Litig.*, 343 F.Supp.2d 35, 49 (D.Mass. 2004) ("conceivable claims against 'affiliates' of the plaintiffs in these cases are insufficient to generate the required actual cases or controversies that have been extinguished by [the patentee's] covenant not to sue the plaintiffs on the claims of the '275 patent."). It is well established that "[t]he required reasonable apprehension must be an objective, not purely subjective, apprehension." *International Medical Prosthetics Research Associates, Inc. v. Gore Enterprise Holdings*, 787 F.2d 572, 575 (Fed. Cir. 1986) (citations omitted); *see also Super Sack*, 57 F.3d at 1058 (stating that "the purpose of the two-part test is to determine whether the need for judicial attention is real and immediate, in which case the federal courts have jurisdiction, or whether it is prospective and uncertain of occurrence, in which case they do not.") (internal quotations and citations omitted).

Plaintiff also contends that a threat of infringement suit exists with respect to "Solvay's customers" because (a) Defendants' technical expert stated that Solvay contributed to one of Solvay's customers' infringement by providing it with the accused product; and (b) Defendants requested and received a list of every customer that had received any of the accused products.

While there may be some instances in which a threat of infringement suit against a declaratory plaintiff's customers is sufficiently real and concrete to give rise to declaratory judgment jurisdiction, *see, e.g., BIS Advanced Software Sys., Ltd. v. Red Bend Software, Inc.*, 2006 WL 753246 (D. Mass. 2006) ("plaintiff has throughout the litigation shown a desire to sue defendant's customers for infringement"), no such circumstances are present in this case.

**IT IS** on this 12th day of June 2006,

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that this case is **CLOSED**.


/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**